**FILED**
December 04, 2020
ST-2015-CV-00407
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GREENLEAF COMMONS, LLC, | ) | CASE NO. ST-2015-CV-00407 |
| | ) | |
| Plaintiff, | ) | ACTION FOR DEBT, BREACH OF |
| | ) | CONTRACT, DAMAGES, |
| v. | ) | ENFORCEMENT OF LANDLORD'S |
| | ) | LIEN |
| ST. JOHN DAY SPA & SALON, LLC, | ) | |
| and JOHN KELLY, | ) | |
| | ) | |
| Defendants. | ) | |
| ST. JOHN DAY SPA & SALON, LLC, | ) | |
| and JOHN KELLY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants/Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREENLEAF COMMONS, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant. | ) | |

Cite as: 2020 VI Super 101U

## <u>MEMORANDUM OPINION & ORDER</u>

¶1     **THIS MATTER** is before the Court on the following:

1. Plaintiff's Motion to Compel and for Sanctions ("Motion to Compel"), which was filed on October 10, 2016;

2. Defendants' Combined Motion to Strike, for Sanctions, and Opposition to Plaintiff's Motion to Compel ("Motion to Strike"), which was filed on November 7, 2016; and

3. Plaintiff's Combined Response to Defendant's[1] Motion to Strike and for Sanctions and Reply to Plaintiff's Opposition to Motion to Compel ("Reply"), which was filed on November 16, 2016.

---

[1] Plaintiff incorrectly titled its document "Combined Response to Plaintiff's Motion to Strike and for Sanctions and Reply to Plaintiff's Opposition to Motion to Compel." To minimize confusion and based on Plaintiff's content of said motion, the Court has corrected this error when referencing this motion.

¶2     Due to Plaintiff/Counter-Defendant Greenleaf Commons, LLC ("Greenleaf") filing a combined Motion to Compel and for Sanctions, the Court will issue a separate Order discussing Greenleaf's request to compel initial disclosures pursuant to Federal Rules of Civil Procedure 26. In this Memorandum Opinion and Order, the Court will address Greenleaf's motion for sanctions against Defendant/Counter-Plaintiff St. John Day Spa and John Kelly's (collectively "Day Spa") failure to adhere to this Court's Scheduling Order.

¶3     The Court found that Greenleaf's Motion to Compel was filed in accordance with the new Virgin Islands Rules of Civil Procedure. While Greenleaf's Motion to Compel was denied as moot, only to the extent that it compelled Rule 26 Initial Disclosures, Day Spa's subsequent filing of the requested initial disclosures warrants the Court's grant of Greenleaf's reasonable payment of expenses in filing the combined Motion as required by V.I. R. CIV. P. 37(a)(5).

¶4     In its Motion to Compel, Greenleaf also requests "an Order sanctioning Defendants for their failure to comply with the Court's Scheduling Order."[2] Specifically, Greenleaf asserts that Day Spa failed to provide the Rule 26 Initial Disclosures by July 18, 2016 as directed by this Court's August 11, 2016 Scheduling Order.[3] In their Motion to Strike, Day Spa does not assert any reason as to why the initial disclosures were not provided by the deadline but instead filed a combined motion to strike and for sanctions with several cited propositions for Greenleaf's alleged failure "to comply with the requirements of FED. R. CIV. P. 37(a)(1), LRCI 37.1, and LRCI 37.2, and violating LRCI 11.1."[4]

## I.     LEGAL STANDARD

¶5     On April 3, 2017, the Supreme Court of the Virgin Islands adopted the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017.[5] Pursuant to V.I. R. CIV. P. 1—1(c)(2)(B) the new procedural rules govern pending proceedings in any action commenced after March 31, 2017, unless the Court finds that doing so "would be infeasible or would work an injustice."[6] Virgin Islands Rule of Civil Procedure 26(a)(1) governs the scope of required initial disclosures.

¶6     Specifically, Rule 26(a)(1) provides that a party must, without awaiting a discovery request, provide to an opposing party: 1) name, address, and telephone number of individuals likely

---

[2] Mot. to Compel, 1.

[3] *Id.*

[4] Parties motions were filed prior to the April 3, 2017 adoption of the Virgin Islands Rules of Civil Procedure. In addition to the Federal Rules of Civil Procedure, the motions to compel were submitted in accordance with the procedural requirements of United States District Court of the Virgin Islands' Local Rules 37.1 and 37.2. Failure to abide by Rules 37.1 and 37.2 could result in sanctions under Rule 37.3. *See, Abdallah v. Abdel-Rahman,* Super. Ct. Civ. ST-13-CV-227, 2016 WL 5394759, at *2 (V.I. Super. Ct. Sept. 23, 2016) (unpublished) (applying LRCi 37.1 and 37.2 to a motion to compel the disclosure of discoverable information filed pursuant to LRCi 37.1 and 37.2).

[5] *See, In re: Adoption of the VI Rules of Civil Procedure,* Promulgation No. 2017–001, 2017 WL 1293844, 2017 V.I. Supreme LEXIS 22 (V.I. Apr. 3, 2017).

[6] V.I. R. CIV. P. 1-1(c)(2)(B).

to possess discoverable information; 2) supportive documents that are in the disclosing party's possession, control, or custody; 3) computation of damages; and 4) copy of an insurance agreement.[7] Furthermore, V.I. R. CIV. P. 26(a)(1)(c) provides that such disclosures must be made within 14 days after a Rule 26(f) conference unless a court order states otherwise.

¶7 Failure to make disclosures may result in the opposing party moving to compel disclosure and appropriate sanctions.[8] Further, the Virgin Islands Rules of Civil Procedure requires the movant to bring the motion to compel disclosures with notice to other parties and include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[9]

¶8 Virgin Islands Rules of Civil Procedure 12(f)[10] governs motions to strike, under which a party must file its motion either before responding to the pleading if a responsive pleading is allowed or within 21 days after being served with the pleading if no responsive pleading is allowed.[11] Rule 12(f) mandates that motions to strike are reserved for any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[12]

## II.   DISCUSSION

¶9 Greenleaf's Motion to Compel was filed prior to the adoption of the Virgin Islands Rules of Civil Procedure. Greenleaf's Motion was filed pursuant to FED. R. CIV. P. 37(a)(1), and LRCI 37.1, 37.2., and 37.3[13] Federal Rule of Civil Procedure 37(a)(1) mirrors V.I. R. CIV. P. 37(a)(1). As a result, the Court will apply V.I. R. CIV. P. 37(a)(1) in ruling on Greenleaf's Motion to Compel.

¶10 Because Day Spa provided the Rule 26 Initial Disclosures after the filing of Greenleaf's combined Motion, the Court denied as moot Plaintiff's motion to the extent it compels initial disclosures.[14] Notwithstanding that Order, the Court finds that applying V.I. R. CIV. P. 37(a)(1) regarding Greenleaf's request for payment of services rendered would neither be infeasible nor work an injustice.[15]

---

[7] V.I. R. CIV. P. 26(a)(1).

[8] V.I. R. CIV. P. 37(a)(3)(A) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.")

[9] V.I. R. CIV. P. 37(a)(1).

[10] Day Spa's motion was filed prior to the adoption of the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017. Rule 12(f) mirrors FED. R. CIV. P. 12(f), and thus, applying Rule 12(f) would neither be infeasible or work an injustice. *See* V.I. R. CIV. P. 1—1.

[11] V. I. R. CIV. P. 12(f)(2).

[12] *Id.*

[13] Prior to the adoption of the Virgin Islands Rules of Civil Procedure, the Superior Court required certifications submitted in connection with motions to compel under the United States District Court of the Virgin Islands' local rules. Rules 37.1 and 37.2 applied to this Court through Superior Court Rule 5.

[14] V.I. R. CIV. P. 37 (a)(3)(A). On December 14, 2016, Day Spa filed with the Court a Notice of Service of Defendants Rule 26 Initial Disclosures. *Darrah v. Virgin Islands ex rel. Juan F. Luis Hosp.*, Civ. No. 2011 WL 6181352, at n. 19 (D. V. I. Dec. 13, 2011) (unpublished) (Plaintiff's Motion to Compel was rendered moot after Defendant provided responses).

[15] V.I. R. CIV. P. 1—1.

### a. Greenleaf's Motion to Compel was filed in accordance with the applicable rules of procedure.

¶11　To properly assess Greenleaf's request "for sanctions in the amount expended by [Greenleaf] in seeking compliance with the Court's Scheduling Order," the Court's analysis hinges on whether Greenleaf's Motion to Compel is properly before the Court. Day Spa, in opposition, argues that Greenleaf, prior to moving to compel, failed to set up a "meet and confer" conference, failed to file a stipulation pursuant to LRCi 37.2, and failed to provide a certification as required by Fed. R. Civ. P. 37(a)(1).[16]

¶12　However, in the Reply, Greenleaf attempts to convince the Court that his combined Motion was not a motion to compel discovery disclosures but rather a motion to compel Day Spa's adherence with the Scheduling Order.[17] The Court is not persuaded by this argument. Not only does Greenleaf's Motion to Compel initially start with Greenleaf "requests . . . an order compelling [Day Spa's] Initial Rule 26 Disclosures,"[18] but Greenleaf also cites to LRCi 37.1 and 37.2 and attaches an email evidencing Greenleaf's attempt to fulfill the "Meet and Confer" requirements as required by FED. R. CIV. P. 37(a), which Greenleaf also cites to.[19] Therefore, the Court will rule on Greenleaf's Motion to Compel accordingly.

¶13　As previously stated, V.I. R. CIV. P. 37 requires motions to compel to include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." V.I. R. CIV. P. 37–1 further requires that parties "confer in a good faith effort to eliminate the necessity for the motion—or to eliminate as many of the disputes as possible" and mandates "[t]he party requesting resolution of a discovery dispute . . . serve a letter on other counsel identifying each issue and/or discovery request in dispute, briefly stating the moving party's position with respect to each (and providing any legal relevant authority), and specifying the terms of the discovery order to be sought."

¶14　While neither Rule 37-1 nor Rule 37 describe the form requirements of the movant's certification, Virgin Islands courts have stated that the certification requirements are substantive rather than procedural.[20] In *Fenster v. deChabert*,[21] the Court found a moving party's certification insufficient because it stated only that "there was a meet and confer."[22] The Court affirmed in a subsequent case, *Victor-Perez v. Diamondrock Frenchman's Owner, Inc.*,[23] that merely going

---

[16] *See* Combined Mot. to Strike, for Sanctions, and Opp'n to Pl.'s Mot. to Compel.

[17] Resp. to Pl's Mot. to Strike and for Sanctions and Reply to Pl.'s Opp'n to Mot. to Compel 1.

[18] Mot. to Compel, 1.

[19] Mot. to Compel 1-2.

[20] *See, Fenster v. deChabert*, Super. Ct. Civ. No. SX-16-CV-343, 2017 WL 4541512, at *4-5 (V.I. Super. Ct. Oct. 4, 2017) (unpublished); *Victor-Perez v. Diamondrock Frenchman's Owner, Inc.*, Super Ct. Civ. No. ST-15-CV-387, 2018 WL 1725207, at *3 (V.I. Super. Ct. April 5, 2018) (unpublished).

[21] Super. Ct. Civ. No. SX-16-CV-343, 2017 WL 4541512, at *1 (V.I. Super. Ct. Oct. 4, 2017) (unpublished).

[22] *Id.* at *4.

[23] Super Ct. Civ. No. ST-15-CV-387, 2018 WL 1725207, at *1 (V.I. Super. Ct. April 5, 2018) (unpublished)

through the motions is not enough, and that a party merely stating that "there was a meet and confer . . . failed: (1) to meet the certification requirement's procedural aspect because the certification failed to specify the negotiations were carried out 'in good faith' and failed to explain how the attorneys attempted to resolve their dispute and (2) to meet the certification requirement's substantive aspect because the certification failed to provide any information other than the blanket statement 'there was a meet and confer.'"[24]

¶15     Here, Greenleaf's combined Motion was filed in accordance with V.I. R. Civ. P. 37(a)(1) and V.I. R. Civ. P. 37-1. Greenleaf attaches an email sent to Day Spa as exhibit B with its combined Motion which substantively states:

> . . .Initial Disclosures were due on July 18, 2016 and we have yet to receive said discovery. If you would please send us your Rule 26 Disclosures at your earliest possible convenience, it would be greatly appreciated. It is our hope that this email satisfies the "Meet and Confer" requirement of LRCi 37.1 and that any potential discovery dispute can be avoided. If, however, you believe a meeting is necessary, we will be happy to oblige. I am available throughout this and next week.[25]

¶16     Greenleaf served its July 18, 2016 letter on Day Spa regarding the initial disclosures.[26] While Day Spa asserts that the email does not on its face contain a valid address, Day Spa does not contest his receipt of the above email.[27] Further, while it is arguable whether Greenleaf's statements "It is our hope that this email satisfies the 'Meet and Confer' requirement of LRCi 37.1" satisfies said requirement, it is clear that the statement "If, however, you believe a meeting is necessary, we will be happy to oblige . . . I am available throughout this and next week" establishes Greenleaf's good faith attempt to resolve "any potential discovery dispute." As such, Greenleaf sufficiently satisfies the procedural requirement that a certification be attached with her motion to compel regarding its compliance with Rule 37 and 37-1 good faith negotiation requirement.[28]

### b. Greenleaf's payment of expenses will be considered upon submission of an itemization of fees and costs.

¶17     Having determined that Greenleaf's Motion to Compel was not procedurally deficient, the Court must next determine whether Greenleaf is entitled to payment of expenses. Greenleaf interchangeably requests the Court to "Order sanctioning Defendants for their failure to comply with the Court's Scheduling Order" and "for sanctions in the amount expended by Plaintiff in

---

[24] *Id.* at *3 (citing *Fenster*, 2017 WL 4541512, at *5).

[25] Mot. to Compel Ex. B.

[26] While Virgin Islands courts have not discussed whether text in a body of an email constitutes a specification letter, this Court has ruled on cases where a letter was sent as an attachment in an email. *See, Victor-Perez,* 2018 WL 1725207, at *3; *Olea v. Virgin Islands Telephone Corporation,* Super. Ct. Civ. No. ST-16-CV-386, 2018 WL 3104627, at *1 (V.I. Super. Ct. May 31, 2018) (unpublished).

[27] *See* Mot. to Strike, 2.

[28] *See* V.I. R. Civ. P. 37(a)(1); V.I. R. Civ. P. 37—1(a). Greenleaf's certification would also be satisfactory under LRCi 37.1 and 37.2.

*Greenleaf Commons, LLC v. St. John Day Spa & Salon, LLC, et al.*
Case No. ST-2015-CV-00407
Memorandum Opinion & Order
Page 6 of 9

2020 VI Super 101U

seeking compliance with the Court's Scheduling Order."[29]  However, each request Greenleaf is seeking is different.  The former requests the Court to order sanctions against Spa Day for failing to adhere to the August 11, 2016 Scheduling Order, whereas the latter requests the Court to order Day Spa to reimburse Greenleaf expenses associated with his filing of the instant Motion.  As a result, Greenleaf's request for payment hinges on whether his request is governed by V.I. R. CIV. P. 37(a)(5)(A) or V.I. R. CIV. P. 37(b)(2)(A); 37(b)(2)(C).[30]

### i.     Because Greenleaf does not provide any legal authority, Greenleaf will not be awarded under Virgin Islands Rules of Civil Procedure 37(b).

¶18    A plain reading of Greenleaf's Motion for Sanctions requests sanctions against Day Spa for *failure to comply with a Court's Scheduling Order*.  Mirroring its federal counterpart, V.I. R. Civ. P. 37(b) governs failures to comply with a court order.  However, Greenleaf does not cite any legal authority in support of this request.  Accordingly, the court declines to award sanctions for Greenleaf's under Rule 37(b).

### ii.    Greenleaf's payment of reasonable expenses will be awarded pursuant to Virgin Islands Rule of Civil Procedure 37(a)(5)(A).

¶19    The Court finds that Greenleaf's payment of reasonable expenses incurred is appropriate under V.I. R. CIV. P. 37(a)(5)(A).  Virgin Islands Rule of Civil Procedure 37(a)(5)(A) provides that "if a motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the Court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" subject to three exceptions.[31]  The Court must not award the prevailing party reasonable expenses if his motion was filed before good faith effort to obtain the disclosures, the nondisclosure was "substantially justified," or circumstances "make an award of expenses unjust."[32]

¶20    None of the exceptions are applicable here.  On October 4, 2016 and October 12, 2016, Greenleaf reminded Day Spa that the Rule 26 Initial Disclosures were past due and attempted to "Meet and Confer" via email, while also listing availability in case the email was insufficient. On October 16, 2016, more than two months after Day Spa was required to provide its Initial Disclosures, and after its good faith attempt, Greenleaf filed its Motion to Compel. Day Spa provided the Rule 26 Initial Disclosures on December 14, 2016, nearly five months after their due date of July 18, 2016, and nearly two months after Greenleaf filed the instant motion. Accordingly, pursuant to Rule 37(a)(5)(A), Greenleaf must be awarded reasonable payment of expenses.

---

[29] Mot. to Compel 1-2.
[30] Both Virgin Islands rules mirror FED. R. CIV. P. 37(a)(5)(A) and FED. R. CIV. P. 37(b)(2)(A); 37(b)(2)(C), which applied at the time of Greenleaf's Motion.
[31] V.I. R. CIV. P. 37(a)(5)(A).
[32] V.I. R. CIV. P. 37(a)(5)(A)(i)-(iii).

However, as required under this rule, the Court will give the parties an opportunity to be heard on the payment of expenses.

¶21    Despite Greenleaf's incorrect conclusion that its combined Motion must be granted and the Court order sanctions for Day Spa's failure to adhere to a scheduling order, Greenleaf did not attach any invoice to demonstrate how much time it spent on its motion. Therefore, the Court will direct Greenleaf to file an invoice or itemization of fees and expenses and Day Spa will have an opportunity to oppose the request.[33]

### c.  Day Spa's combined motion is denied

¶22    Day Spa filed a Combined Motion to Strike Greenleaf's Motion to Compel and further requested sanctions. Day Spa filed its motion pursuant to FED. R. CIV. P. 37(a)(1), Local Rules of Civil Procedure 37.1, 37.2 and 11.1.[34] As stated above, the Court will apply V.I. R. CIV. P. 37(a)(1) in lieu of the federal rule.[35] Under V.I.R. Civ. P. 37(3)(A), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Here Greenleaf is seeking adherence to a rule mandating self-executing disclosure, this is not a dispute over the range or scope of discovery or whether material is privileged or not.[36] Rather, Day Spa had not provided any sort of discovery from which a dispute might arise.

¶23    Even reading these motions as a genuine "discovery dispute," the Court is still not convinced by Day Spa's position or argumentation. Rather than comply with the scheduling order and provide overdue initial discovery, or attempt to meet and confer with counsel, Day Spa filed its motion seeking to strike and requesting sanctions on procedural grounds. As stated above, the Court is not persuaded that Greenleaf's several attempts to contact Day Spa were procedurally deficient or not received by counsel.[37] Day Spa rests its argument on it being procedurally incorrect for Greenleaf to try and "shift the burden" on arranging the meet and confer onto Day Spa, and that Greenleaf "jump[ed] the gun" by filing its motion sixteen days after their initial attempt and eight days after their subsequent attempt.[38]

---

[33] *Olea*, 2018 WL 3104627, at *3 (requiring Defendant's filing of an itemization of fees and costs and granting Plaintiff the chance to oppose); *see, Victor-Perez*, 2018 WL 1725207, at *4-7 (parties motions to compel discussing discovery issue satisfied the opportunity to be heard requirement).

[34] LRCi 37.1 requires that, before filing a motion related to a discovery dispute, counsel for the moving party arrange a meet and confer conference with opposing counsel, which shall be completed within thirty days of the letter. LRCi 37.2 requires that a court will not consider a discovery motion in the absence of a stipulation or declaration that opposing counsel failed to confer in a timely manner or refused to sign a stipulation indicating that a meet and confer attempt had been made. LRCi 11.1 states that by signing a motion an attorney certifies that applicable law in this jurisdiction has been cited, including authority for and against the position being advocated.

[35] V.I. R. CIV. P. 1—1

[36] *Cf. Abdallah v. Abdel-Rahman*, Case No. ST-13-CV-227 2016, __ V.I. __, V.I. LEXIS 174 (V.I. Super. Ct. Sept. 23, 2016) (analyzing the application of LRCi 37.1 to disputes which arise after initial discovery has been provided).

[37] *See supra* n. 27 and accompanying text.

[38] Mot. to Strike 3,4.

¶24     On the contrary, the Court finds no basis to conclude, or to agree with Day Spa, that Greenleaf's first request that initial disclosures be made, and subsequent notification that they would be "happy to oblige" if Day Spa felt a meeting necessary prior to the initial, self-executing disclosures; that they would be "available throughout this and next week"; and that Day Spa should "feel free to contact [Greenleaf] with any questions or concerns" is impermissibly "shifting the burden."[39] Instead, this appears a good faith attempt to meet with Day Spa at Day Spa's convenience.

¶25     Nor does the Court find that Greenleaf "jump[ed] the gun" under LRCi 37.1. The rule provides that the conference "shall be *completed* within thirty days."[40] A plain reading of this rule is that it is a requirement for completion – not an invitation for Day Spa's counsel to ignore requests to meet and confer for thirty days and run out the clock. Day Spa does not provide any legal authority that said portion of LRCi 37.1 is a requirement for a *response* from opposing counsel. In fact, reading this requirement as such would give opposing counsel an impermissible procedural edge: by waiting 29 days to respond to a meet and confer request counsel could demand a meeting that day, giving the opposing party little time to prepare, and counsel could then seek a dismissal on the same procedural grounds as Day Spa does here.

¶26     Finding Day Spa's LRCi 37.1 procedural arguments unpersuasive, and that Greenleaf has in fact complied, the Court subsequently recognizes that Greenleaf's exhibits in their Motion to Compel satisfies the requirements of LRCi 37.2.[41] The Court is further not persuaded that under LRCi 11.1 Greenleaf did not cite to applicable law or that sanctions are warranted.[42]

¶27     Lastly, Day Spa does not comply with V.I. R. Civ. P. 12(f) which governs motions to strike – they advance no argument as to how Greenleaf's Motion to Compel is an "insufficient defense" or is in any way "redundant, immaterial, impertinent, or scandalous matter."[43] Greenleaf's motion sought compliance with a court order requiring initial discovery which was months overdue, and sought so after several attempts to meet and confer – this does not satisfy any of the above categories.

---

[39] Mot. to Compel Ex. B.

[40] LRCi 37.1 (emphasis added).

[41] LRCi 37.3(c)(1) provides that a Court will not consider a discovery motion absent "a declaration from counsel for the moving party establishing that opposing counsel: (1) failed to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1." Greenleaf Motion to Compel pages 1 and 2 contains the declaration: "In an effort to avoid a Motion to the Court, and in compliance with LRCi 37.1, Plaintiff wrote Defendants to advise them of their failure to exchange their initial disclosures and even provided them with an opportunity to confer in person. Yet Defendants have wholly ignored every good faith attempt by Plaintiff to resolve this conflict."

[42] Greenleaf in their Motion to Compel cited to the then applicable Federal Rules of Civil Procedure 26 and 37 in addition to the same Local Court Rules of Civil Procedure relied on by Day Spa.

[43] V.I. R. Civ. P. 12(f).

*Greenleaf Commons, LLC v. St. John Day Spa & Salon, LLC, et al.*
Case No. ST-2015-CV-00407
Memorandum Opinion & Order
Page 9 of 9

2020 VI Super 101U

### III.   CONCLUSION

¶28    Day Spa filed its Rule 26 Initial Disclosures after Greenleaf filed its Motion to Compel.  In accordance with V.I. R. Civ. 37(a)(5)(A), the Court will award Greenleaf payment of reasonable expenses incurred by filing the motion. The Court is unpersuaded by Day Spa's arguments of procedural deficiency in the instant case.

¶29    However, since Greenleaf did not file an itemization of reasonable expenses associated with filing the combined Motion, the Court will direct Greenleaf to file the itemization.  In addition, the Court will allow Day Spa an opportunity to respond within 20 days.  Thereafter, the Court will assess the appropriate expenses to be awarded. Accordingly, it is hereby

**ORDERED** that, to the extent Plaintiff's Motion to Compel and for Sanctions seeks an award reasonable expenses incurred in filing its Motion to Compel, filed on October 10, 2016, it is **GRANTED**; and it is further

**ORDERED** that Defendants' Combined Motion to Strike, for Sanctions, and Opposition to Plaintiff's Motion to Compel ("Motion to Strike"), filed on November 7, 2016, is **DENIED**; and it is further

**ORDERED** that, **on or before January 2, 2021**, Plaintiff shall file with the Court an affidavit of counsel itemizing Greenleaf's reasonable expenses incurred in filing its Motion to Compel and for Sanctions; and it is further

**ORDERED** that, **on or before January 16, 2021**, Defendants shall file their response, if any, to Plaintiff's itemization of its reasonable expenses incurred in filing its Motion to Compel and for Sanctions; and it is further

**ORDERED** that a copy of this Order shall be directed to Attorney A. J. Weiss; Attorney Matthew Duensing; and a copy thereof shall be mailed to John Kelly and St. John Day Spa & Salon, LLC at 3401 Tuckaway Dr., Mount Airy, MD 21771.

DATED: 12/4/2020

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

BY:
**LORI BOYNES**
Chief Deputy Clerk 12/4/2020